IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 10-124 |
| | ) |
| LISA GERIDEAU-WILLIAMS | ) |

MEMORANDUM AND ORDER

Gary L. Lancaster,                        March __1__, 2012
Chief Judge.

This is a criminal action. Before the court are defendant Lisa Gerideau-Williams' motions to produce Rule 404(b) evidence, for a bill of particulars and for severance.

For the reasons set forth below, defendant's Rule 404(b) motion and motion for severance will be denied, and her motion for a bill of particulars will be held in abeyance.

I. BACKGROUND

In a superseding indictment issued on April 13, 2011 the grand jury charged Ms. Gerideau-Williams with 17 counts:

    (1) - (13) Wire fraud (18 U.S.C. 1343);

    (14) Aggravated identity theft (18 U.S.C 1028A(a)(1));

    (15) Filing a false tax return (26 U.S.C. 7206(1));

1

**(16) - (17)** Failing to file income tax return (26 U.S.C. 7203).

Ms. Gerideau-Williams was initially charged with counts one through fourteen in an indictment filed on June 16, 2010. Counts one through fourteen relate to a scheme to defraud lenders in which the defendant allegedly submitted loan applications and settlement statements containing material misrepresentations, among other things. The superseding indictment added counts fifteen through seventeen, related to tax evasion in 2004, 2005 and 2006.

Detailed facts about the alleged fraud and tax-related misconduct are not provided in the indictment or the motions. The following is a summary of the allegations in the indictment.

Defendant Lisa Gerideau-Williams, an attorney, operated businesses that provided services related to real estate lending and closing to individuals. The government alleges that, from April 2005 through July 2008, defendant devised a scheme to defraud others, and obtain money and property for herself, by:

(1) submitting loan applications to lenders and closing real estate transactions without authorization by the purported borrowers; [Superseding Indictment, ¶5]

(2) submitting loan applications to lenders that contained material misrepresentations about the borrowers' intent to

2

reside at the property, and the borrowers' income, assets and liabilities; [Id. ¶ 6]

(3) signing and providing lenders with settlement statements that contained material misrepresentations about the existence of down payments and liabilities associated with collateral property; [Id. ¶ 7]

(4) using proceeds from loans (intended for payment towards collateral liabilities) for personal use; [Id. ¶ 8]

(5) issuing title insurance at real estate closings when she was not authorized to do so; [Id. ¶ 9]

(6) failing to record mortgages and perform other services to secure lenders' interests in property, despite receiving compensation to do so. [Id. ¶ 10].

The indictment also provides, for each wire transfer (i.e., each count of wire fraud), the date, initials of the borrower, names of the banks involved, and dollar amount.

The government also alleges that defendant, in connection with the wire fraud transaction in Count 12, used the name and identifying information of an individual to apply for a loan without that individual's authorization.

Finally, the government alleges that defendant failed to report income on her 2004 tax return, which would have obligated her to file a tax return in the tax years 2005 and 2006. The government plans to present evidence that a portion

of the income defendant failed to report in 2005 and 2006 is the income she earned through commission of the fraud.

II. DISCUSSION

a. Motion to Produce Evidence under Rule 404(b)

The government has indicated that, at this time, it is unaware of any evidence it plans to submit under Federal Rule of Evidence 404(b), and has agreed to notify defendant prior to trial of any such evidence. Therefore, defendant's motion to produce evidence under Rule 404(b) will be denied.

b. Motion for a Bill of Particulars

At the hearing on these motions, counsel for defendant stated that the government recently provided additional materials that may obviate defendant's need for a bill of particulars. Defendant asked the court to defer ruling on the motion until review of the new documents is complete. Therefore, the court will hold the motion for a bill of particulars in abeyance.

c. Motion for Severance

In her motion for severance, Ms. Gerideau-Williams argues that the counts related to tax were not properly joined to the other wire fraud and identity theft counts under Federal Rule of Criminal Procedure 8, and therefore must be severed.

Defendant asks the court to sever (1) Counts 1 through 14 from counts 15 through 17; and (2) some of the wire fraud counts (Counts 1 through 14) from the rest, depending on the person involved in the transaction. To support the first request, defendant argues that the tax charges (counts 15 through 17) were improperly joined with the wire fraud counts under Rule 8(a). To support the second request, she argues that prejudice may result at trial if all of the wire fraud counts are joined, such that severance under Rule 14(a) is warranted. The government argues that joinder of tax and non-tax claims is appropriate here because the tax charges arose out of defendant's failure to report fraudulently-earned income, along with other income.

Under the plain language of Federal Rule of Criminal Procedure 8(a), counts are properly joined if the offenses charged are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Joinder of tax and non-tax charges are frequently based on the "same act or transaction" test. See, e.g., United States v. McGill, 964 F.2d 222, 241-42 (3d Cir. 1992).

Even if joinder is proper under Rule 8, the trial court has discretion to sever under Rule 14. United States v. Lane, 474 U.S. 438, 449 n.12 (1986). Rule 14(a) provides that

5

"[i]f the joinder of offenses … in an indictment … appears to prejudice a defendant or the government, the court may order separate trials of counts, … or provide any other relief that justice requires." The defendant bears the burden of showing "clear and substantial prejudice resulting in a manifestly unfair trial." United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981)(citations omitted).

Based on the government's asserted connection between the tax charges and the fraud charges, joinder of the tax counts and the fraud counts is proper. Because defendant's failure to report fraudulently obtained funds is a fundamental part of the tax charges, all the counts are based on the same act or transaction. See United States v. Riley, 621 F.3d 312, 334 (3d Cir. 2010).

In addition, defendant has not met her burden of demonstrating that prejudice arises from joinder of the wire fraud counts involving different parties. The mere assertion of prejudice is insufficient; she has not demonstrated "clear and substantial prejudice."

Therefore, both aspects of defendant's motion for severance will be denied.

III. CONCLUSION

Accordingly, defendant's motion to produce evidence under Rule 404(b) and motion for severance are DENIED. Defendant's motion for a bill of particulars is held in abeyance.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record