# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA GERIDEAU-WILLIAMS, ) | |
| ) | Civil Action No. 15-137 |
| Petitioner, ) | |
| ) | Related to: Crim. Action No. 10-124 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

For the reasons that follow, Lisa Gerideau-Williams's Petition under Section 2255 will be denied.

Petitioner was sentenced before this Court, after having entered a plea agreement in which she waived her rights to appeal the sentence or to bring a collateral attack under Section 2255. During the Change of Plea Hearing, the Court and the government reviewed the 2255-waiver, and Petitioner confirmed on the record her understanding of the same. *See* Doc. 174-1 in Cr. Action No. 10-124 at pgs. 11-12.[1]

Petitioner, a former attorney, does not argue that the waiver was unknowingly or involuntarily entered. *See* Petit. (Doc. 171). Independently, and for the reasons well-summarized in the government's response, the Court determines that the waiver was both knowing and voluntary. *See* Gov't's Mot. Dismiss Pet. (Doc. 174) at 4. Nevertheless, Petitioner argues that the waiver is invalid and/or unenforceable, citing the decision in Williams v. U.S., 2014 WL 4060263 (W.D. Pa. Aug. 14, 2014) (Conti, C.J.). She also argues that

---

[1] For the purposes of Ms. Williams's 2255 Petition, Criminal Action No. 10-124 contains a complete record, and all citations herein ("Doc. __") refer to that docket.

enforcing the waiver will result in a miscarriage of justice, claiming ineffective assistance of counsel regarding aspects of her Sentencing-Guideline calculations. *See* Doc. 171 at "Table of Contents" (summarizing claims). Neither of Petitioner's legal theories have merit.[2]

As to Petitioner's arguments regarding Williams, the undersigned already has rejected them for the reasons stated in Stitt v. U.S., 2015 WL 1489477, *2 n.2 (W.D. Pa. Mar. 31, 2015). Petitioner's arguments are materially indistinguishable from the ones made in Stitt, and the Court's reasoning will not benefit from repetition here. It suffices to say that, given Petitioner's failure to claim or show that her counsel was ineffective in negotiating the 2255-waiver, her arguments regarding Williams are unavailing.[3]

All that remains, then, are Petitioner's arguments that enforcing the waiver will result in a miscarriage of justice, because her sentencing counsel purportedly failed to object to certain Guideline-enhancements or to seek a downward-departure. The miscarriage-of-justice exception is applied "sparingly," Gardner at *5, and it does not apply to sentencing-calculation grievances like Petitioner's. U.S. v. Erwin, 765 F.3d 219, 227-28 (3d Cir. 2014) (citing and quoting seminal decision regarding miscarriage of justice, Mabry, for proposition that "challenges to [a] district court's sentencing calculation [are] 'insubstantial' because '[t]hey do not implicate fundamental rights or constitutional principles'") (some alterations in original); *accord* U.S. v. Robertson, 2013 WL 4034371, *12 n.16 (E.D. Pa. Aug. 8, 2013) (collecting cases holding that "a collateral review waiver may be enforced as to this kind of claim of ineffective assistance . . .

---

[2] An evidentiary hearing is unnecessary because the filings of record show, conclusively, that Petitioner is not entitled to relief.

[3] Both before and after Stitt, many court-decisions in this District have reached the same conclusion. *See, e.g.*, U.S. v. Gardner, 2015 WL 4714927, at *6 (W.D. Pa. Aug. 7, 2015) (collecting cases). For the reasons stated in Stitt, moreover, the undersigned finds Williams distinguishable on its facts. *See* Stitt at *2 n.2 (in Williams, "the petitioner specifically alleged that his counsel was ineffective in convincing him to waive his appellate and habeas rights").

at sentencing") (citations omitted); U.S. v. Kiger, 2011 WL 3809949, *12 (W.D. Pa. Aug. 26, 2011) (holding same). Indeed, a contrary ruling would allow any defendant "to circumvent an appellate [or collateral review] waiver simply by recasting a challenge to [her] sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Robertson at *12 n.16; *accord* Erwin at 228 ("[a]llow[ing] alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive") (citation omitted, some alterations in original, emphasis added). By their nature, Petitioner's grievances do not support an application of the miscarriage-of-justice exception.

Even were the Court to assume the contrary, Petitioner's objections fare no better on the merits. Although Petitioner complains that the government did not produce sufficient evidence in support of certain sentencing-enhancements, she conveniently neglects to mention that *the government was unable to present such evidence at her initially-scheduled sentencing hearing, because she failed to appear*. *See* Gov't's Mot. (Doc. 174) at 2-3, 8 (accurately summarizing chain of events). After Petitioner was arrested for failing to appear, her counsel and the government negotiated a deal, wherein the government agreed not to seek an obstruction-of-justice enhancement *in exchange for Defendant's withdrawing her objections to the very enhancements she now seeks to challenge*. *See id.* at 3; *see also* Docs. 159, 161 & 163 (parties' amended written positions with respect to sentencing, evincing negotiation-process just discussed). Again, Petitioner has failed to allege or show that her waiver of objections to the sentencing enhancements was involuntary, unknowing or the result of ineffective assistance of counsel, and her current complaints regarding the quality or quantity of the government's evidence is particularly disingenuous.

3

In light of the foregoing, Petitioner has not shown that that enforcing her collateral-review waiver would result in a miscarriage of justice. To the contrary, a review of the entire record reveals that a *grant* of habeas relief, not denial, would work an injustice.[4]

For all of these reasons, Petitioner's collateral-review waiver is effective, and her Motion under Section 2255 (**Doc. 171**) is **DENIED**. No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.


December 11, 2015                                       s\Cathy Bissoon
                                                                                              Cathy Bissoon
                                                                                              United States District Judge

cc (via First-Class U.S. Mail):

Lisa Gerideau-Williams
USMS 32112068
Cottage B-4
Alderson Federal Camp
P.O. Box A
Alderson, WV  24910


cc (via ECF email notification):

All Counsel of Record

---

[4] Petitioner's various episodes of questionable litigation conduct and strategy (to put it kindly) in the underlying case are thoroughly recounted in the government's Motion to Dismiss, and Court sees little benefit to repeating them here. The Court believes that, by any objective measure, Petitioner has received substantial benefit-of-the-doubt in connection with the plea deal she received and sentence that was imposed. *Cf.* Sentencing Min. & Judgmt. (Docs. 168 & 169) (sentencing Petitioner at bottom of applicable Guideline range, and declining to impose additional, consecutive term of imprisonment under Bail Reform Act for her failure to appear at sentencing). Although the Court is not entirely surprised to learn of Petitioner's continued dissatisfaction, she should, at the very least, feel fortunate that things went as well for her as they did.